IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNIONAMERICA INSURANCE COMPANY, LTD. | ) ) ) |
| Plaintiff, | ) ) |
| vs | ) CIVIL ACTION NO. 97-RRA-0797-S ) |
| MWE, INC. AND JON KENT GRIGGS, | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This cause came on for hearing on November 19, 1998, on plaintiff's motion for summary judgment. The parties have consented, pursuant to 28 U.S.C. §636(c)(1) and L.R. 72.1, to the exercise of jurisdiction in this matter by the undersigned.

The Court has indicated in prior orders, and it will so find and determine herein, that there is no coverage under the subject policy for any claims asserted in the *Griggs* case for punitive damages or for the claims asserted in Count One of the *Griggs* complaint which seeks damages pursuant to Alabama's Dram Shop Act.[1] Upon careful consideration of the materials submitted in support of and in opposition to the motion for summary judgment and the arguments of counsel, the Court will also find and determine that summary judgment is not appropriate as to the claims asserted in

---

[1] *Jon Kent Griggs v. Amy Denise Burks and MWE, Inc., d/b/a OT's Sports Grill*, CV-96-05540, Jefferson County, Alabama Circuit Court.

Count Three of the *Griggs* amended complaint, which alleges common law negligence and wantonness.[2]

At the hearing, the parties agreed that a trial of the coverage issues in this case as to Count Three of the *Griggs* amended complaint in this case would be tantamount to retrying the *Griggs* case. The parties have therefore agreed that it would be appropriate to dismiss this action with respect to the claims in *Griggs'* Count Three, without prejudice, with plaintiff having the right to petition for intervention in the *Griggs* case pursuant to the procedure set out in *Universal Underwriters Ins. Co. v. East Cent. Ala. Ford-Mercury,* 574 So.2d 716 (Ala. 1990). Plaintiff has indicated to this Court its dissatisfaction with this intervention procedure, but acknowledges that it is the only way in which plaintiff's interest as to the coverage issues can be protected. Accordingly, this Court's order of dismissal will be expressly without prejudice to the rights of plaintiff to assert its objections to the intervention procedure as set out in *Universal Underwriters*. In view of the foregoing, and for good cause shown, it is to be ordered, adjudged, and decreed as follows:

1. Plaintiff's motion for summary judgment as to Count One of the *Griggs* complaint is due to be granted. There is no coverage under the subject policy for said claims, and plaintiff is not obligated to defend or indemnify MWE, Inc. as to said claims, and plaintiff is not liable directly or indirectly to Griggs as to those claims.

2. To the extent that there is a claim in the *Griggs* case for punitive damages,

---

[2] *Griggs'* Count Two is a fictitious party count.

plaintiff's motion for summary judgment is due to be granted. There is no coverage under the subject policy for said claims, and plaintiff is not obligated to defend or indemnify MWE, Inc. as to said claims, and plaintiff is not liable directly or indirectly to Griggs as to those claims.

3. Plaintiff's motion for summary judgment as to Count Three of the *Griggs* complaint is due to be denied and the plaintiff's contentions respecting it dismissed, but without prejudice to plaintiff's right to assert its contentions with respect to the said Count Three through the intervention procedure as set out in *Universal Underwriters, supra.*

4. Costs are to be taxed as paid.

An appropriate order will be entered in accordance with this Memorandum Opinion.

DONE this 11th day of December, 1998.

Robert R. Armstrong, Jr.
United States Magistrate Judge